UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.  1:26-cv-23394

CRESILDA DU,
a citizen and resident of New York,

Plaintiff,

vs.

MSC CRUISES, S.A.,
A foreign profit corporation,

Defendant.

_____/

## COMPLAINT

Plaintiff, CRESILDA DU, a citizen and resident of New York, by and through her undersigned counsel, files her Complaint, hereby sues Defendant, MSC CRUISES, S.A., a foreign profit corporation and alleges the following:

## JURISDICTION, VENUE AND PARTIES

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Plaintiff, CRESILDA DU, is a resident and citizen of New York, and is otherwise *sui juris*.

3. At all times material, the Defendant, MSC CRUISES, S.A., a foreign profit corporation is registered and authorized to do business in the state of Florida and maintains an office and agents in Miami-Dade County where it regularly conducts business.

4. The damages and injuries suffered by Plaintiff support an award of damages in excess of $75,000.00, exclusive of interest and costs.

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333, since the accident occurred on a cruise ship in open waters and has the potential to impact maritime commerce.

6.      This case also has admiralty subject matter jurisdiction pursuant to 28 U.S.C. § 1333 since the accident occurred on a cruise ship in open waters and has the potential to impact maritime commerce.

7.      At all material times, MSC CRUISES, S.A., has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, so that in personam jurisdiction over Defendant exists in the United States District Court for the Southern District of Florida.

8.      At all material times, the Defendant has engaged in the business of operating maritime cruise vessels for fare paying passengers, including the Plaintiff.

9.      In the operative ticket contract, the Defendant requires fare-paying passengers such as the Plaintiff to bring any lawsuit against it arising out of injuries or events occurring on the cruise voyage in this federal judicial district, and venue is proper in this Court.

10.      Venue is proper in this district because the Defendant's principal places of business is located within this district.

11.      Plaintiff has complied with all conditions precedent to bringing this action, including providing Defendant with timely notice as required by the ticket contract.

## LIABILITY AND DAMAGE ALLEGATIONS COMMON TO ALL COUNTS

12.      At all material times, Defendant MSC CRUISES, S.A., was engaged in the business of operating maritime cruise vessels for fare paying passengers.

13.      On May 14, 2025, Plaintiff was a fare paying passenger aboard MSC CRUISES,

S.A., and in that capacity was lawfully present aboard the vessel.

14.     On May 14, 2025, Plaintiff was Plaintiff was onboard the MSC Divina when she slipped and fell on a slippery, wet, foreign, or transitory substance on the floor by the Buffett area, causing Plaintiff to slip and fall, and injure herself.

**COUNT I – VICARIOUS LIABILITY OF
DEFENDANT FOR FAILING TO MAINTAIN
THE FLOOR**

Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 14 above and further alleges the following matters.

15.     At all material times, Defendant MSC CRUISES, S.A., owed Plaintiff, as a fare-paying passenger, a duty of reasonable care under the circumstances. *Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625, 79 S.Ct. 406 (1959); *Everett v. Carnival Cruise Lines, Inc.,* 912 F.2d 1355 (11th Cir. 1990); *Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318 (11th Cir. 1989), *on remand,* 715 F.Supp. 1069 (M.D.Fla. 1989). Further, Defendant is vicariously liable for the negligent acts of its employees. *Yusko v. NCL (Bahamas) Ltd.,* Case No. 20-10452 (11th Cir. July 12, 2021); *Elardi v. Royal Caribbean Cruises, Ltd.,* Case No. 19-Civ-25035-Graham (S.D.Fla. Dec. 2, 2021).

16.     On or about May 14, 2025, Defendant, through the acts of its employees assigned to maintain the floor by the buffet, breached its duty to Plaintiff in that it failed to maintain the floor, leaving a wet, slippery substance on the floor by the buffet.

17.     Defendant's employees should have known in the exercise of ordinary care, of the wet slippery substance on the floor given that there were multiple crew members stationed by the buffet area who were in a position to see the subject condition and correct it.

18.     More importantly, Defendant has been instructing its employees in its Standard Procedure manual since May 15, 2004 to look out for slip hazards on their decks and to clean

them. Despite Defendant's instructions, its employees have routinely left slip hazards on the floor as evidenced by the numerous slip and fall accidents on its ships: *Edelman v. MSC Cruises, SA,* Case No. 24-cv-23060 (S.D.Fla.2024), *Davis v. MSC Cruises, SA,* Case No. 23-Civ-22101-Williams (S.D.Fla. 2023); *Stinnett v. MSC Cruises, SA,* Case No. 22-Civ-62332-Dimitrouleas (S.D.Fla. 2022); *Carotenuto v. MSC Cruises, SA*, Case No. 20-Civ-62273-Dimitrouleas (S.D.Fla. 2020); *Fromchuck v. MSC Cruises, SA*, Case No. 20-Civ- 24539-Moore (S.D.Fla. 2020); *Collinge v. MSC Cruises*, SA, Case No. 18-Civ-24935-Gayles (S.D.Fla. 2018); April 8, 2010-Leonor Olano; November 16, 2011 - Fred Bill; February 14, 2013 - Sharon Betterman; November 24, 2013 - Olga Rosales; December 11, 2013 - Michelle Parker; January  9, 2014  - Mike Shaver; April 19, 2014 -  Lidia  Laurita; September  14, 2014  - Martin Cohen; September 24, 2014 - Hilda Ruiz; October 25, 2014 - Beverly Michilin; March 25, 2015 - Gilma Velandia; April 12, 2015 - Aida Montaine; January 29, 20 I 6 - Constance Dillon; March 31, 2016 - Sao Ko; May 21, 2016 - Richard Ratti; November 6, 2016 - Josefa Rado-Perez; December 31, 20I 6 - Alina  Salum; March  23, 2017 -  Margaret  Anne  Haiser;  April  I,  20I 7 – Deborah Armstrong-April 30, 2017 - Nardine Aziz; June 18, 2017 - Santhia Olivier; September I, 2017 - Sylvia Bauerschmidt; October 30, 2017 - Corrine Piccinetti.

19.     Despite Defendant's knowledge of the propensity of its floor to be wet and slippery, it failed to maintain the floor by the buffet, causing Plaintiff to slip, fall, and injure herself.

**WHEREFORE,** Plaintiff demands judgment against Defendant MSC CRUISES, S.A., for compensatory damages, interest and the costs of this action and further demands trial by jury of all issues so triable as of right.

## COUNT II– VICARIOUS LIABILITY OF
## DEFENDANT FOR FAILING TO WARN

Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 14 above and further alleges the following matters.

20.     On or about May 14, 2025, Defendants through the acts of employees assigned to maintain the floor by the buffet had a duty to warn Plaintiff of the slippery, wet floor. Defendant had been instructing its employees in its Standard Procedure Manual since May of 2004, to look for slip hazards, indicating Defendant knew that the subject floor had a propensity to be wet and slippery.

21.     Moreover, Defendant has experience numerous slip and fall accidents on its ships, and therefore knew of the subject floor's propensity to be dangerous when wet.

22.     Despite its knowledge of the dangerous condition of its floor by the buffet, Defendant failed to warn Plaintiff of said condition. As such, Plaintiff slipped, fell, and injured herself.

**WHEREFORE,** Plaintiff demands judgment against Defendant MSC CRUISES, S.A., for compensatory damages, interest and the costs of this action and further demands trial by jury of all issues so triable as of right.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Dated: May 14, 2025

**CHALIK & CHALIK, P.A**.
Attorneys for Plaintiff
10063 N.W. 1st Court
Plantation, Florida 33324
Tel.:   (954) 476-1000
Fax:   (954) 472-1173

Service:  litigation@chaliklaw.com

By: /s/ *Debi Chalik*

DEBI F. CHALIK
Florida Bar No. 179566
Debi@chaliklaw.com